**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRI-STATE DISPOSAL, INC., an Illinois corporation, | ) | |
| Plaintiff, | ) | Case No. 18-CV-02138 |
| vs. | ) | Judge Sara L. Ellis |
| THE VILLAGE OF RIVERDALE, et al. | ) | Magistrate Judge Mary M. Rowland |
| Defendants. | ) | |

**<u>PLAINTIFF'S SUR-RESPONSE TO DEFENDANTS' MOTION TO DISMISS</u>**

## I. INTRODUCTION

In a 12(b)(6) motion, all well-pled facts of the Plaintiff's Complaint are taken as true and all inferences cited in favor of the non-moving party. Rather than follow this rule, the Defendants' 15-page Reply attempts to add new issues not raised in the original motion, states facts that are not accurate, raises matters that have occurred since the filing of the First Amended Complaint, and misstates the law. This Sur-Response brings these matters to the Court's attention so that it has a full record necessary to appropriately decide the Defendants' Motion to Dismiss.

## II. ARGUMENT

On page 12 of their Reply, Defendants misquote the *Monell* standard as requiring all three of the elements when, in fact, only one of the three elements is required. The standard to which Defendants refer, with elements established in *Monell* but quoted from *Waters v. City of Chicago*, 580 F.3d 575, 581 (7th Cir. 2009) (quoting *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)) states that a plaintiff may establish municipal liability by showing "(1)



EXHIBIT
tabbies
A

an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; **or** (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." (emphasis added). This was not a typo or an innocent mistake – the Defendants' reply argument on this point goes on for an entire paragraph. Rather, the Defendants knew the correct standard as they accurately quoted this standard on page 10 of their Motion to Dismiss. The Defendants intentionally misquoted this standard in their reply brief, replacing the conjunction "or" with "and". This was an intentional misrepresentation of the law.

On page 2 of their Reply, the Defendants state that while the Plaintiff's First Amended Complaint attempts to strip Riverdale Materials of its right to operate in the Village, Tri-State does not name Riverdale Materials as a Defendant in this matter."

Sur-Response: Defendants raise for the first time on reply the alleged failure of Plaintiff Tri-State to name Riverdale Materials. But this case is not against Riverdale Materials. It is a constitutional case against the Village for its inappropriate actions in passing the ordinance, retaliating against Tri-State in violation of Tri-State's first amendment speech and state law claims for breach of contract, and common law certiorari.

On page 2 of their Reply, Defendants state "This is a zoning matter."

Sur-Response: This is not a zoning matter. This is a constitutional claim against the Village of Riverdale and includes state law claims pursuant to this court's supplemental jurisdiction.

On page 3 of their Reply, Defendants state "The Plaintiff's only alleged harm is a breach of its contract with the Village."

Sur-Response: The First Amended Complaint includes damages to Plaintiff Tri-State for violation of its due process rights, unequal treatment, retaliatory actions, in addition to breach of contract, which at the time of filing the complaint amounted to more than $260,000.00 in damages. (First Amended Complaint, ¶¶ 76-78, 94-96, 116, 138, 139, 145, 148 and 156-158).

On page 4 of their Reply, Defendants claim ". . . for the first time in its Response Brief, [Tri-State alleged] that its existing contracts with the Village, its interest in compliance with the terms of its contracts, and its ownership of property within the Village less than one mile from Riverdale Materials creates a property interest and a property right sufficient to entitle it to federal court jurisdiction."

Sur-Response: The Defendants missed page 5 of Tri-State's Response Brief and specific allegations of the First Amended Complaint where it sets forth Tri-State's property rights. Tri-State's property rights are properly alleged at ¶¶ 58, 76, 77-78, and 95-96 of the First Amended Complaint.

On page 10 of their Reply, Defendants state "Here, Plaintiff does not plead or allege that there has been a similar situation or that Tri-State was treated differently than any similarly situated person or entity."

Sur-Response: Both in its Response Brief and more importantly in its First Amended Complaint at paragraphs 103 through 117, Tri-State sets forth well-pled facts that it was treated differently from similarly situated persons or entities, namely Riverdale Materials.

On page 15 of their Reply, Defendants state "Tri-State also concedes that the spring clean-up is done at no charge to the Village, so that neither party lost money or was damaged by the failure to coordinate the cleanup."

Sur-Response: The First Amended Complaint alleges that Riverdale did not allow Tri-State to perform the spring clean-up, costing the Village approximately $20,000.00 to hire another contractor solely to retaliate against Tri-State. (First Amended Complaint at ¶¶ 60-64 and 150-155) Furthermore, in its response brief, Tri-State set forth that it receives goodwill from its conduct of the contractually required spring cleanup. (Tri-State's Brief in Opposition to Defendants' Motion to Dismiss, page 18).

On page 15 of their Reply, Defendants state "Tri-State also claims that Defendants breached the contract by delaying payments of invoices. Yet Tri-State does not argue and does not plead that it was injured by this alleged delay."

Sur-Response: First, Defendants' motion needs to be measured based on the First Amended Complaint and actions that the Village might have taken post filing to cover its retaliatory actions should not be considered by the Court. Second, and more importantly, the unprecedented several months delay in paying Tri-State over $260,000.00 did directly damage Tri-State, and allegations of injury and damage are set forth at Count VI, ¶ 145 and Count VII, ¶¶ 156-158 of the First Amended Complaint.

## III. CONCLUSION

**WHEREFORE,** for the reasons stated herein and in its Response Brief in Opposition to Defendant's Motion to Dismiss, Plaintiff Tri-State Disposal, Inc. respectfully prays that this Honorable Court enter an order denying Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,

**TRI-STATE DISPOSAL, INC., an Illinois corporation, Plaintiff**

By: s/ Mark A. LaRose
Mark A. LaRose
Attorney for Plaintiff

Mark A. LaRose (ARDC No. 6183288)
Marissa R. Alaska (ARDC No. 6315171)
LaRose & Bosco, Ltd.
200 N. LaSalle Street, Suite 2810
Chicago, IL 60601
(312) 642-4414
Fax (312) 642-0434
mlarose@laroseboscolaw.com
m.alaska@laroseboscolaw.com