## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TRI-STATE DISPOSAL, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 2138 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| THE VILLAGE OF RIVERDALE, | ) | |
| a municipal corporation; and | ) | |
| LAWRENCE JACKSON, | ) | |
| Mayor of the Village of Riverdale, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Tri-State Disposal, Inc.'s ("Tri-State") motion for leave to file a third amended complaint ("TAC") pursuant to Federal Rule of Civil Procedure 15(a). Tri-State seeks to amend its complaint to add additional factual allegations, request punitive damages, and request attorneys' fees. Defendants Mayor Lawrence Jackson and the Village of Riverdale ("the Village") argue that Tri-State's amendments are untimely and unduly prejudicial. The Court grants Tri-State's motion because Defendants were on notice of the claims that the new factual allegations elaborate upon and there is no reason that Tri-State cannot request punitive damages and attorneys' fees at this stage.

## BACKGROUND[1]

After the Village passed an ordinance granting Riverdale Materials, LLC a special use permit to operate a waste collection business in Riverdale, Illinois, where Tri-State also operated a waste-collection business, Tri-State filed this lawsuit against Defendants. The Court later

---

[1] The Court presumes familiarity with the factual background set forth in its January 28, 2020 opinion, Doc. 67, and does not recount all of the factual allegations here.

dismissed Tri-State's first amended complaint ("FAC") in part. Doc. 45. The Court dismissed Tri-State's due process claims for failure to allege deprivation of a protected property interest. The Court also dismissed Tri-State's equal protection claim because the FAC and exhibits demonstrated a conceivable rational basis for the Village's decision to pass the ordinance. Finally, the Court dismissed Tri-State's claim for common law *certiorari* review of the ordinance, as the zoning decision involved a legislative, rather than administrative, action. Notwithstanding, the Court concluded that Tri-State sufficiently pleaded its political retaliation and breach of contract claims. Tri-State subsequently filed a second amended complaint ("SAC"). In the SAC, Tri-State made minor changes to the FAC, realleged due process, breach of contract, and political retaliation claims against Defendants, and did not plead any new claims. The Court again dismissed Tri-State's due process claims with prejudice but found that Tri-State could proceed on its claims for political retaliation and breach of contract. Doc. 67. On May 15, 2020, Tri-State filed a motion seeking leave to file its TAC. Although fact discovery was scheduled to close on March 31, 2020, on March 17, the parties filed a joint motion to extend fact discovery due to the challenges of taking depositions at the beginning of the COVID-19 pandemic. The Court extended discovery until October 31, 2020.

## LEGAL STANDARD

Rule 15(a)(2) provides that amendments to the pleadings are allowed "only with the opposing party's written consent or the court's leave," with the Court instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a liberal standard that the Supreme Court has held "to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life*

2

*Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Tri-State seeks leave to add factual allegations to its retaliation claims, request punitive damages against Mayor Jackson, and add a prayer for attorneys' fees if it succeeds on its retaliation claims. The TAC also removes the due process claims that this Court previously dismissed. Defendants respond that the Court should deny the requested leave because Tri-State has unduly delayed pleading factual allegations that it has been aware of since at least 2018. Defendants also contend that Tri-State's additional factual allegations would be prejudicial because they amount to three new theories of political retaliation two years into the litigation. Although Defendants broadly challenge all amendments together, the Court separately addresses each category of amendments for clarity.

## I.      Factual Allegations

Tri-State seeks to add numerous factual allegations to its retaliation claims and categorizes them as follows: (1) additional facts regarding the spring clean-up; (2) additional facts regarding Tri-State not having the opportunity to bid for the garbage contract; (3) additional facts regarding the Village's interference with Tri-State's contracts with multi-family residences; and (4) additional facts regarding the Village's refusal to pay Tri-State and delay in payments to Tri-State. Defendants argue that Tri-State has been on notice and aware of these allegations since at least 2018 and therefore has unduly delayed pleading these allegations. Defendants also contend that they will be prejudiced by these allegations because they have already deposed Tri-State's representatives and these allegations increase litigation costs.

3

"Undue prejudice occurs where the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint and where the amendment would require expensive and time-consuming additional discovery.'" *Barwin v. Vill. of Oak Park*, No. 14 C 6046, 2020 WL 136304, at *7 (N.D. Ill. Jan. 13, 2020) (quoting *Lanigan v. LaSalle Nat'l Bank*, 108 F.R.D. 660, 662 (N.D. Ill. 1985)). Defendants, as the non-moving party, have the burden of establishing undue prejudice. *See id.* (citing *Parker v. EMC Mortg. Corp.*, No. 11-CV-05682, 2014 WL 7205474, at *3 (N.D. Ill. Dec. 18, 2014)). Here, Tri-State does not seek to add new claims or parties; instead, Tri-State seeks to add supplemental facts that further support its claims. Specifically, Tri-State has added more information about the spring clean-up, including the Village's payment to the Flood Brothers and communications with customers about the clean-up. Doc. 74-1 ¶¶ 69–74. Additionally, Tri-State includes additional allegations about correspondence it received from the Village regarding accepting proposals from other companies and ultimately not renewing Tri-State's contract. *Id.* ¶¶ 75–79. The new allegations also reflect the Village's ultimate decision to retain another company and the relevant resolution authorizing such agreement. *Id.* ¶¶ 80–81. These allegations all relate to Tri-State's claim that Defendants retaliated against it for exercising its First Amendment rights and filing a lawsuit. Although Tri-State could have added these particular allegations in support of their claims earlier, Defendants have been on notice of Tri-State's claims. Moreover, Defendants are included on the correspondence that Tri-State seeks to add allegations about and will therefore not be prejudiced by the amendments. *See Barwin*, 2020 WL 136304, at *7 (rejecting the defendants' argument that they would be prejudiced by a new theory of liability where the original complaint asserted a similar, general claim); *Parker*, 2014 WL 7205474, at *4 ("Because these new allegations would merely provide additional support for

a legal theory of which Defendants have been on notice for almost three years, the Court finds that Defendants would suffer no prejudice from these amendment[s].").

Moreover, although Plaintiffs have amended their complaint to state that "[t]he motion to terminate the Village's agreement with Tri-State *and subsequent decision to retain Flood Brothers on a no-bid contract* were made in retaliation for Plaintiff's free speech," this does not significantly alter the underlying retaliation claims but instead provides additional facts in support of retaliation. Doc. 74-1 ¶ 82 (emphasis added to indicate new language). Similarly, Tri-State's new factual allegations relating to the Village's refusal to pay relate to the allegations in Tri-State's previous complaints. Tri-State previously asserted that that the Village was obligated to pay Tri-State's outstanding invoices. *See* Doc. 49 ¶ 73(d). Tri-State asserts that it learned during discovery that the Village paid Flood Brothers while Tri-State's invoices were outstanding, which also indicates that these amendments are permissible. *Kitchen v. Burge*, No. 10 C 4093, 2011 WL 4974350, at *1 (N.D. Ill. Oct. 13, 2011) ("In fact, because [the plaintiff] recently discovered the new facts he now proposes to add to his complaint, allowing amendment is appropriate."). Additionally, although Defendants claim that they will incur additional costs due to these new factual allegations, the Court cannot see why these allegations would impose additional costs on the parties. Defendants have been on notice of such claims, only some depositions have occurred based on the parties' briefing, and Defendants do not specify what additional discovery is now necessary. *Barwin*, 2020 WL 136304, at *7 (no undue prejudice where the defendant did "not show that any expensive or time-consuming additional discovery will be required because of the proposed amendments").

The new factual allegations regarding Defendants' interference with Tri-State's business with multi-family residences present a closer question. Doc. 34-1 ¶¶ 84–96. Those allegations

relate to Village Ordinance 2018-22, which required multi-family residences to utilize Flood Brothers' refuse services. The SAC does not mention this ordinance or any agreements with multi-family residences. Instead, Tri-State seeks to assert allegations regarding its independent contracts with residents with which the Village allegedly interfered. Although Tri-State did not include these allegations in its SAC, these allegations do not assert a new theory of liability. Tri-State puts forth these factual allegations to demonstrate that Defendants retaliated against it by interfering with Tri-State's contracts with multi-family residences. Because these allegations again relate to Tri-State's retaliation claims, of which Defendants have been on notice, and lend additional support for these claims, the Court does not find them unduly prejudicial. *Xerox Fin. Servs. Life Ins. Co. v. Salomon Bros. Inc.*, No. 92 C 1767, 1993 WL 78721, at *2 (N.D. Ill. Mar. 18, 1993) (no prejudice where the amendment "merely puts a slightly different spin on legal theory and conduct the amended complaint already alleges").

Additionally, Defendants' reliance on *Hukic v. Aurora Loan Services* to show undue prejudice is not persuasive. 588 F.3d 420 (7th Cir. 2009). There, the plaintiffs sought to add eleven new claims against the existing defendants and add another defendant. *Id.* at 432. The court explained that the plaintiff sought leave to amend his complaint three days before the close of fact discovery, and the parties had already conducted discovery on the other claims. *Id.* Here, Tri-State does not seek to add additional claims but only includes facts that support its underlying claims. Additionally, Tri-State moved to amend its complaint with over five months remaining of discovery. The Court finds that for the reasons previously discussed, these additional factual allegations do not unduly prejudice Defendants.

Finally, Defendants make much of the fact that Tri-State seeks to add factual allegations two years into the litigation. However, "delay is an insufficient basis for denying a motion to

6

amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) (citation omitted); *see also George v. Kraft Foods Glob., Inc.*, 641 F.3d 786, 791 (7th Cir. 2011) ("Plaintiffs point out that delay alone is not a reason to deny a proposed amendment, and that delay must be coupled with some other reason, such as prejudice to the defendants."). Again, here, the Court cannot find that Defendants would be prejudiced, especially where the factual allegations seek to provide additional clarity to claims of which Defendants have been on notice. *Cf. Shefts v. Petrakis*, 954 F. Supp. 2d 769, 789 (C.D. Ill. 2013) (addition of legal theories based on the same alleged injury "do[es] not fundamentally change the complaint, and cannot be considered an unfair surprise to a defendant" (internal quotation marks omitted)).

## II.     Punitive Damages

Tri-State also seeks leave to amend its SAC to request punitive damages against Mayor Jackson. Although this proposed amendment is late in the litigation, Tri-State sought this amendment with approximately five months of discovery remaining. At the end of July, Tri-State represented that the parties still had not deposed Mayor Jackson or Defendants' agents, which will likely be relevant for the punitive damages determination. *See* Doc. 80 at 6. Therefore, discovery remains open and Defendants have adequate time to address Tri-State's punitive damages request. *See King v. Chapman*, No. 09 C 1184, 2014 WL 7450433, at *4 (N.D. Ill. Dec. 30, 2014) (rejecting the defendants' argument that the court should not allow the plaintiff to seek punitive damages where the plaintiff expressed such intent during the drafting of the final pretrial order).

Additionally, Defendants have failed to show how the addition of punitive damages is unduly prejudicial. Again, Tri-State has neither indicated that this amendment will require

additional discovery nor that it will delay case proceedings. *See Neal v. Target Corp., Home Niches, Inc.*, No. 13 C 5907, 2015 WL 4021050, at *6 (N.D. Ill. July 1, 2015) (granting leave to amend complaint after close of fact discovery to add punitive damages request in part because amendment would not require additional discovery or delay case proceedings); *see also Gonzalez v. Pioneer Indus. Sys., LLC*, No. 15-CV-11583, 2018 WL 1124419, at *3 (N.D. Ill. Mar. 1, 2018) (allowing the plaintiff to amend complaint to seek punitive damages and explaining that the court could decline a punitive damages jury instruction at trial if the evidence could not support a punitive damages award). Further, Federal Rule of Civil Procedure 54(c) provides that every final judgment, except a default judgment, "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); *see also Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (under Rule 54(c), "juries can award damages not requested by the complaint"). This suggests that a jury may award punitive damages even if the complaint does not specifically request them. *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008) ("Rule 54(c) contemplates an award of punitive damages if the party deserves such relief—whether or not a claim for punitive damages appears in the complaint."); *see also King*, 2014 WL 7450433, at *3 ("[P]laintiff would not be barred from seeking [punitive damages] at trial" even if the complaint did not request them); *Curtis v. TransCor Am., LLC*, 877 F. Supp. 2d 578, 595–96 (N.D. Ill. 2012) (granting the plaintiff's motion to allow punitive damage relief under Rule 54(c) thereby permitting the plaintiff to pursue punitive damages at trial). The Seventh Circuit has not decided whether punitive damages qualify as "special damages" that must be specifically pleaded in a complaint under Rule 9(g), and Defendants have not argued that they should be considered as such. *See*

*Soltys*, 520 F.3d at 742.  Therefore, Rule 54(c) provides additional support for the Court's decision to grant Tri-State leave to request punitive damages in its TAC.

### III.   Attorneys' Fees

Tri-State also seeks leave to add an amendment requesting attorneys' fees.  A court has discretion to award reasonable attorneys' fees to a prevailing party in a § 1983 action.  *See* 42 U.S.C. § 1988.  Generally, a prevailing party moves for such costs once a court renders a judgment.  Defendants cite no cases indicating that a plaintiff must request attorneys' fees in its complaint in order to later move for an award of attorneys' fees, and the Court cannot identify any cases.  Further, such requirement would not make sense in light of the fact that a prevailing defendant can also move for attorneys' fees.  Therefore, the Court concludes that allowing Tri-State to add a request for attorneys' fees would not prejudice Defendants or be untimely.  If it prevails, Tri-State can move for attorneys' fees, and the Court will decide whether to grant such fees at that time.  The Court grants Tri-State's request to amend its complaint to request attorneys' fees.

### CONCLUSION

For the foregoing reasons, the Court grants Tri-State's motion for leave to file a third amended complaint [74].

Dated: September 21, 2020

_____
SARA L. ELLIS
United States District Judge

9